JAMES LAWRENCE AND SEABURY LAWRENCE, EXECU-
TORS, ETC., OF HENRY LAWRENCE, DECEASED, APPELLANTS,
*v.* ELIZA LINDSAY, ANNIE M. KNAPP, SAMUEL
LAWRENCE AND FRANK LAWRENCE, RESPONDENTS.

*Will — advancements — construction of the term " My books of account."*

A will contained this clause: "It is my will, and I hereby direct that any
advancements hereafter made by me to, or for account of my said children, or
either of them, and evidenced either by entries in my books of account or by
any written memorandum of acknowledgement, signed by such child or
children, shall be deducted from the amount, or be charged upon the share or
portion (as the case may be) to which such child or children respectively would
be entitled under the provisions of this, my will, if no such advancement had
been made."

The will was executed March 4, 1869. The testator and his sons were partners
in business under the name of Henry Lawrence & Sons. After the date of the
will Samuel L. Lawrence and Frank Lawrence, two of testator's sons, had
individual accounts with the firm. The balance due from Frank Lawrence to
the firm December 30, 1871, was $10,551.57, and on that day testator charged
that amount to himself, and credited his son therewith on the books of the
firm. On the same day the individual account of Samuel L. Lawrence showed
a balance due from him to the firm of $2,287. The testator also charged this
amount to himself on the books of the firm. On the 2d of May, 1870, the
testator charged himself " Check for Samuel L., $10,500," in the cash book of
the firm; and, on the 31st May, 1870, this amount, with other small sums, were
charged to his account on the ledger of the firm; no charge of the same
amount is made against Samuel L. Lawrence. The surrogate allowed all these
items as advancements under the will.

*Held,* that, as the testator was shown to have kept no individual book account,
the books of the firm of which testator and his sons were members, were
testator's books within the meaning of the will, and the items were properly
allowed by the surrogate.

*Held,* further, that, as to the last item of $10,500, that from the books alone
there was a legal demand, in the absence of all explanations, established in
favor of the testator against his son Samuel for such amount. Without the
will it would be a debt — with the will, and in the absence of all explanations,
it was an advancement.

APPEAL from a decree of the surrogate on a final accounting.

*Charles H. Woodruff,* for the appellants.

HUN—VOL. VII.     81

*Philip S. Crooke*, for the respondent Lindsay.

*Matthew Daly*, for the respondents Samuel and Frank Lawrence.

BARNARD, J. :

The question presented arises under the last will and testament of Henry Lawrence, deceased. The testator died in March, 1872, and the following is the tenth clause of his will :

" It is my will, and I hereby direct that any advancements hereafter made by me to or for account of my said children or either of them, and evidenced either by entries in my books of account or by any written memorandum of acknowledgment, signed by such child or children, shall be deducted from the amount or be charged upon the share or portion (as the case may be), to which such child or children respectively would be entitled under the provisions of this my will, if no such advancement had been made."

The will was executed on the 4th of March, 1869. The testator and his sons were partners in business under the name of Henry Lawrence & Sons. After the date of the will Samuel L. Lawrence and Frank Lawrence, two of testator's sons, had individual accounts with the firm of Henry Lawrence & Sons. The balance due from Frank Lawrence to the firm on the 30th of December, 1871, was $10,551.57. On that day the testator charged that amount to himself and credited the same amount to the account of Frank Lawrence, thus balancing the account.

On the same day the individual account of Samuel L. Lawrence showed a balance due from him to the firm of $2,287. The testator also charged this amount to himself on the books of the partnership and credited the same amount to the account of Samuel L. Lawrence, thus balancing his account.

The credit in each case was " by Henry Lawrence." On the 2d of May, 1870, the testator charged himself " Check for Samuel L." $10,500, in the cash-book of the firm, and on the 31st of May, 1870, this amount with other small sums was charged to his account on the ledger of the firm ; no charge of the same amount is made against Samuel L. Lawrence. He does not appear to have had an open account with the firm at this date, but whether he did or not, no charge was made in any way, further than as above stated, against Samuel L. Lawrence for the item of $10,500. The surro-

gate allowed all the items as advancements, and this appeal presents for review this decision.

It was proven that the testator kept no individual books of account. I think the books of the firm, of which testator and his sons were members, testator's books, within the meaning of the will. He kept none individually; to what books could he have referred other than his partnership books with his sons? In a certain sense they were testator's books and might be properly called so. It would be a harsh and narrow construction to hold that an advancement, evidenced in partnership books, was invalid because the will called for such evidence in " my " (testator's) books. If the partnership books are sufficient books under the will to make the entry therein, I see no reason to doubt the accuracy of the surrogate's conclusion as to the first two items. The father paid the sons' debts to the firm, doubtless with the sons' knowledge and assent, as the books were before them in which the entry was made. It was a payment "for account" of the children, and was made by testator, as evidenced by the entry in the books.

As to the item of $10,500 to Samuel L. Lawrence, in view of the circumstances of this case, I think it was properly held to be an advancement. It was charged to testator as a " check for Samuel L.;" he was a partner. The entry was made in the usual course of business in the partnership books. The executors were also partners. No evidence was given to explain the entry or the transaction. The book-keeper was not called. I take it to be clearly established that Samuel L. Lawrence received from his father this large sum of $10,500 in May, 1870, and that there is evidence of this payment to him by the father in the books of account. That from the books alone there is a legal demand, in the absence of all explanations, established in favor of the testator against his son Samuel for this amount. Without the will it would be a debt. With the will, and in the absence of all explanations, it is an advancement.

The clause in question does not prevent the establishment of a legal advancement by other evidence than entry in testator's books, or by written acknowledgment of the parties receiving the advancement.

Judgment affirmed, with costs.

DYKMAN, J. (dissenting):

Henry Lawrence, the plaintiff's testator, departed this life on the 7th day of March, 1872, leaving a last will and testament, which was made March 14, 1869, and which has been duly proved and admitted to probate by the surrogate of Kings county. This will contains the following provision :

"Tenth. It is my will, and I hereby direct that any advancements hereafter made by me to or for account of my said children, or either of them, and evidenced either by entries in my books of account, or by any written memorandum of acknowledgment, signed by such child or children, shall be deducted from the amount, or be charged upon the share or portion (as the case may be), to which such child or children, respectively, would be entitled under the provisions of this, my will, if no such advancement had been made."

James Lawrence and Seabury Lawrence were the executors of this will, and when they presented their final account to the surrogate of Kings county, Eliza Lindsay, a daughter of the testator, objected to the accounts filed, because the executors had not charged the legatees with advancements made to them by the testator.

This objection presented a question which arose out of the following facts : Henry Lawrence, the testator, was carrying on business with his sons under the firm name of Henry Lawrence & Sons. After the will was made, the testator and his two sons, Samuel L. Lawrence and Frank Lawrence, each had individual accounts on the books of the said firm. On the 13th day of December, 1871, there was a balance due from Frank Lawrence to the firm of $10,551.57 ; on the same day there was a balance due from Samuel L. Lawrence to the said firm of $2,287. On that day the testator charged the amount so due from Frank and Samuel L. to his own account on the books, and, at the same time, credited the same amounts respectively to their accounts on the said books, and thus balanced the accounts of both of them. The entry of the credits in each of the accounts of the sons is by "Henry Lawrence."

On the 2d day of May, 1870, Henry Lawrence, the testator, charged himself in the same book, "Check for Samuel L., $10,500." This amount is not charged to Samuel L. Lawrence on the books at all, although on the same day there was a charge made against him on

the books of fifty dollars. These facts, it is claimed, show advancements of these sums to these two sons of the testator. The surrogate has allowed this claim, and the appeal in this case is from his decision on that point.

The word advancement is an old word in the law, and has a well known legal signification. It signifies a provision made by a parent for his child, of money or property; a giving, by anticipation, the whole or a part of what it is supposed a child will become entitled to.

The testator has used this word, and must be held to have used it in its usual sense. He has declared it to be his will that any advancements made by him to either of his children, *and evidenced* either by entries in his books of account or by any written memorandum signed by either of his children, should be deducted from the amount that such child would be entitled to under the will, if no advancements had been made.

This provision qualified all the legacies with a condition that if the testator should in his lifetime make advancements to the legatees, and should leave evidence of his intention that such advancements were on account of such legacies, either by entries in his books of account, or by written memorandums signed by his children, then such advancements should be deducted from the legacies.

It would have been perfectly competent and proper, if the testator had declared that any advancement to a legatee should go in satisfaction of the legacy, and if he had done so, then any simple gift made by him might have that effect, even though intended as an additional gratuity. The proper construction of this clause of this will, is that the testator intended to leave himself at liberty to make such subsequent gifts to his children as he might desire, and to put a particular mark upon such gifts as he intended as advancements, by book entries or written memorandums. It is as if he had said: I intend hereafter to make advancements to my children, some of which I intend as additional gifts, and some anticipated payments of their legacies; the latter will be evidenced either by entries in my books of account, or by written memorandums signed by my children. (*Langdon* v. *Astor's Executors*, 16 N. Y., 29.)

This being so, there is no pretense of any written memorandums, and the question is: Are the entries in the books of account

any evidence of advancements? It must be conceded that the books of the firm were the testator's books for all the purposes of this consideration. Let it be borne in mind that neither of the three sums in question are anywhere charged on these books to Frank or Samuel L. Lawrence. On the contrary, the two first sums are credited to them respectively, and the only charge made of these sums are charges against the testator. The sum of $10,551.57, credited to Frank Lawrence, and the sum of $2,287, credited to the account of Samuel L. Lawrence, were evidently so credited to balance their accounts, for they are the precise amounts necessary to do it. The natural signification of this act is that the testator intended to make them a donation of these amounts, and, as he has not made any charge against them on his books of account, nor left any evidence on his books of account that he intended this gift as an advancement, the natural presumption is, that he intended these sums as an additional gratuity.

The testator knew that he had made this will, and knew its provisions in relation to advancements, and it is but natural to suppose that if he had intended these two sums as advancements he would have made some unmistakable entry in his books of account that would have evidenced such intention.

This last remark applies with equal force to the sum of $10,500 which he let Samuel have on the 2d day of May, 1870. No charge is made of that against Samuel anywhere, and the conclusion seems irresistible that it was intended as a gratuity. Let it be admitted that these several sums were advancements by the testator, yet it does not follow that they are to be deducted from their legacies. The testator has said what advances were to be so deducted — they were to be advances made by him to his children, and evidenced in one of the two ways provided.

If they were not so evidenced they were not to be deducted. No other evidence could be received. The will prevents the establishment of a legal advancement in any other way.

The decision of the surrogate in allowing the objection to the account was wrong, and his decree must be reversed.

Present — Barnard, P. J., Gilbert and Dykman, JJ.

Decree of surrogate affirmed with costs.